IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3533 |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYDS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is an insurance dispute arising out of damage caused by Hurricane Ike in September 2008. Cheryl Edwards sued her insurer, Certain Underwriters at Lloyds; the adjusters, Burns & Wilcox, Ltd. and ACIS/Tassin Catastrophe Claims Service, L.L.C.; and three of the adjusters' employees, Melanie M. Elias, Dawn Szaflarski, and Herman W. Johnson. Her petition, filed in the 11th District Court of Harris County on August 25, 2010, alleges fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code against each defendant. It also alleges breach of contract against Certain Underwriters at Lloyds. The defendants have moved to dismiss the claims for fraud and conspiracy to commit fraud, arguing that the allegations fail to meet the requirement of Rule 9(b) of the Federal Rules of Civil Procedure. (Docket Entry Nos. 4–8, 30). Edwards has responded, (Docket Entry Nos. 15–19, 32), and the defendants have replied, (Docket Entry Nos. 25–29, 33). Based on the petition; the motions, responses and replies; and the relevant law, this court grants the defendants' motions to dismiss, with leave to amend. Edwards has until **January 15, 2011**, to amend her complaint to comply with Rule 9(b)'s requirements. The reasons for this ruling are

explained below.

## I.     Rules 12(b)(6) and 9(b)

A dismissal for failure to plead with particularity in accordance with Federal Rule of Civil Procedure 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n.8 (5th Cir. 2009); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997); *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996).  Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).  The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams*, 112 F.3d at 177.

In *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937 (2009), the Supreme Court explained that while Rule 9 requires pleading with particularity "when pleading 'fraud or mistake,' " it allows " '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.' " *Id.* at 1954 (alterations in original) (quoting FED. R. CIV. P. 9(b)); *see also Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally.").  "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud."  *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

In *Iqbal*, the Court explained that term "generally," as used in Rule 9, "is a relative term." 129 S. Ct. at 1954. "In the context of Rule 9, ['generally'] is to be compared to the particularity requirement applicable to fraud or mistake," that "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard," and that Rule 9 "does not give [a party] license to evade the less rigid-though still operative-strictures of Rule 8." *Id.* (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301, at 291 (3d ed. 2004)). "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion

to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

## II.     Analysis

The defendants argue that the common law fraud and conspiracy to commit fraud claims should be dismissed because they are not sufficiently pleaded under Rule 9(b). The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To plead fraud sufficiently under Rule 9(b), Edwards must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

Edwards's petition alleges a variety of violations of the Texas Insurance Code arising out of the denial of her hurricane-damage claim. She contends that the adjusters' investigation was insufficient and that there are systematic problems in the claims-adjusting process followed by the insurer. Her petition does not, however, allege what fraudulent statements were made by which defendants or when they were made. The petition's allegations of fraud do not satisfy Rule 9(b).

Edwards's allegation of conspiracy to commit fraud is derivative of her fraud claim. *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th

4

Cir. 2010) (unpublished) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Because she has failed to state a claim for fraud, she has failed to state a claim for conspiracy to commit fraud. *Cf. id.* (holding that summary judgment was appropriate on a claim of civil conspiracy to commit fraud when summary judgment was appropriate for the underlying fraud claim).[1]

## III. Conclusion

The defendants' motion to dismiss the fraud and related conspiracy claims is granted, with leave to amend. Edwards has until **January 15, 2011**, to replead her fraud and conspiracy to commit fraud claims with sufficient particularity.

SIGNED on December 20, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] Edwards argues that this court should deny all defendants' motions other than Johnson's because the motions lack a certification that they conferred with Edwards and disagree about the disposition of the motion. *See* S.D. TEX. L.R. 7.1(D). Motions to dismiss under Rule 9(b) are treated as motions under Rule 12(b)(6), *Grubbs*, 565 F.3d at 186 n.8, and the certification of conference requirement generally does not apply to such dispositive motions. Even if it did, the defendants certified in their replies that they attempted to confer with Edwards and the briefing on this issue makes the disagreement clear. Denying the motions and forcing the defendants to refile with the certification would serve no purpose.