IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3533 |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYDS, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

In this Hurricane Ike insurance case, the insurer has moved to compel appraisal and abate the litigation pending appraisal. (Docket Entry No. 51). The plaintiff, Cheryl Edwards, initially argued that the insurer waived its right to appraisal and alternatively that this court should not abate pending appraisal. (Docket Entry No. 54). In *In re Universal Underwriters of Texas Insurance Co.*, — S.W.3d —, 2011 WL 1713278 (Tex. May 6, 2011), the Texas Supreme Court stated that the party opposing appraisal on the basis of waiver must demonstrate prejudice. The Texas Supreme Court noted that it "is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Id.* at *5–7. This court ordered Edwards to supplement her response in light of *Universal Underwriters*. Edwards concedes that she cannot show prejudice, making appraisal appropriate, but contends that abatement is unnecessary. The Texas Supreme Court has made clear that abatement pending appraisal is within the court's discretion. *Id.* at *7 n.5; *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002). Because the primary issues in this case are issues that will be determined in appraisal,

abatement is appropriate.

In her motion for leave to amend, the plaintiff proposes to add allegations relating to her argument that the insurer waived its right to appraisal. (*See* Docket Entry No. 61). Because this court grants the motion to compel appraisal, the motion for leave to amend is denied as moot.

The motion to compel appraisal and abate is granted. The parties must advise this court, in writing, within seven days after the appraisal is complete. A status conference is set for **August 26, 2011, at 8:45 a.m.** in Courtroom 11-B.

SIGNED on May 31, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge